UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: <br>     Dennis Clifford Bruce, <br>         Debtor, <br> DVA, Inc., <br>         Plaintiff, <br>         v. <br> Dennis Clifford Bruce <br>         Defendant. | Case No. 24-00179 <br><br> (Chapter 7) <br><br><br> Adv. Proc. No. [_____] |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW DVA, Inc., a Virginia corporation, d/b/a Ditch Witch of Virginia (the "Plaintiff"), who files this Complaint to Determine Dischargeability of Debt against Dennis Clifford Bruce (the "Defendant") and in support thereof states as follows:

1. The Plaintiff DVA, Inc. is a Virginia corporation doing business as Ditch Witch of Virginia.

2. The Defendant Dennis Clifford Bruce is an individual residing in the Northern District of Iowa.

3. The Defendant owned and operated a certain business, BDC Group, Inc., an Iowa corporation (the "Company").

4. The Company sold Plaintiff certain equipment (the "Equipment") to the Company pursuant to a certain Conditional Sales Order dated April 26, 2022 (the "Sales Order") and a certain Bill of Sale dated May 5, 2023 (the "Bill of Sale" and together with the Sales Order, the "Sales Materials").

5. Defendant signed the Sales Materials.

6. The value of the Equipment sold under the Sales Order was $124,000.

7. The value of the Equipment sold under the Bill of Sale was $188,000.

8. However, prior to the sales evidenced by the Sales Materials, the Company had incurred certain debt from a certain lender that had a lien on substantially all of the Company's assets (the "Blanket Lien").

9. The Sales Materials, the Company and Defendant purported the Equipment to be free and clear of liens and omitted mention of the Blanket Lien.

10. The Company filed bankruptcy with this Court in a case bearing number 23-484.

11. The lender holding the Blanket Lien demanded turnover of the Equipment, which Plaintiff complied with.

12. Plaintiff thereafter filed a proof of claim bearing number 89, but received no distributions on account of such claim.

13. Plaintiff filed a proof of claim in the instant action bearing number 5.

14. The Company and Defendant are liable to Plaintiff for $312,000 due to the turnover of the Equipment militated by their fraudulent misrepresentation that the Equipment was free and clear of liens.

15. Section 523 of the Bankruptcy Code exempts from discharge "any debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2).

**I.  Count 1 – Alter Ego**

16. The Company is an alter ego of the Defendant.

17. The Company is merely an instrumentality or device set up to ensure the avoidance of the legal obligations of the Defendant.

18. The Defendant influences and governs the Company

19. A unity of interest and ownership exists such that the Company and the Defendant cannot be separated.

20. Giving legal effect to the fictional separation between the Company and the Defendant would sanction a fraud or promote injustice.

21. Defendant should be liable for the liability of Plaintiff returning the Equipment to the lender holding the Blanket Lien.

## II. Count 2 – Piece of Corporate Veil

22. The Company is a mere shell, serving no legitimate business purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice.

23. The Company is used to promote fraud or illegality.

24. Defendant should be liable for the liability of Plaintiff returning the Equipment to the lender holding the Blanket Lien.

## III. Count 3 – Non-Dischargeability

25. The Company and Defendant purported the Equipment to be free and clear of liens.

26. The Sales Materials contained a false representation that the Equipment was free and clear of liens.

27. The Equipment was not free and clear of liens by virtue of the Blanket Lien.

28. The Company and the Defendant obtained the proceeds from the sales of the Equipment to Plaintiff by actual fraud.

29. The liability from Plaintiff's return of the Equipment to the lender holding the Blanket Lien cannot be discharged by Defendant because it was obtained by fraud.

WHEREFORE the Plaintiff prays that the Court enter an order: (I) determining that the Defendant is an alter ego of the Company, or that the Company's corporate veil should be pierced to reach the Defendant, (II) determining that the Defendant's debt of $312,000 to the Plaintiff is exempt from discharge, and (III) providing such other relief as may be warranted under the circumstances.

Respectfully submitted,

AEGIS Law,

*Eric J. Langston*

Eric J. Langston, AT0014001
Mailing: 601 S. Lindbergh Blvd.
         Frontenac, MO 63131
Physical: 222 Third Ave. SE
         Suite 501, Office 6
         Cedar Rapids, IA 52401
(319) 435-9793, Fax: (314) 454-9110
elangston@aegislaw.com
    *Attorney for Plaintiff*